UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. |
| v. | ) ) ) ) |
| SFS INTEC, INC., | ) ) |
| Defendant. | ) COMPLAINT AND DEMAND ) FOR JURY TRIAL |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of national origin and age, and to provide appropriate relief to Daniel Martinez, an Hispanic male of Puerto Rican descent, age 60, and to Irving Lopez, also an Hispanic employee of Puerto Rican descent, who have been adversely affected by discriminatory practices at SFS Intec. As set forth in more detail below, the Commission alleges that Martinez and Lopez unlawfully and repeatedly were denied training within SFS Intec's Medina, Ohio facility, both were subjected to intimidating and offensive behavior from their managers which demonstrated their bias against Hispanic employees, and both unlawfully were terminated because of their national origin and also because of Martinez's age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This Title VII action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. This ADEA action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

3. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

4. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

5. The Commission also is charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

6. At all relevant times, Defendant, SFS Intec, Inc. ("Defendant"), has continuously been a manufacturer of fasteners and fastening systems and a Pennsylvania corporation doing business in the State of Ohio, and the city of Medina, and has continuously had at least fifteen employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h) and within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

8. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Daniel Martinez and Irving Lopez each filed a charge with the Commission alleging violations of Title VII by Defendant. The charge filed by Martinez also alleged a violation of the ADEA. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least 2002 for Martinez and April, 2006 for Lopez, Defendant has engaged in unlawful employment practices at its Medina facility, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a) and Section 4(a)(1) of the ADEA. These practices include the following:

3

   a. Refusing Martinez's and Lopez's repeated requests for training, while making training opportunities available to their non-Hispanic co-workers and to Martinez's younger co-workers;

   b. Referring to Lopez as "spic" "wetback" "lazy spic" and "Rico Suave;"

   c. Confronting Martinez in a fighting stance and attempting to goad him into physical altercations;

   d. Terminating Lopez and Martinez despite their favorable employment histories with Defendant and retaining non-Hispanic, less experienced, less qualified, and younger employees.

 11. The effect of the practices complained of in paragraph 10 above has been to deprive Daniel Martinez and Irving Lopez of equal employment opportunities and otherwise adversely affect their employment status because of their national origin and Martinez's age.

 12. The unlawful employment practices complained of in paragraph 10 above were intentional.

 13. The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of Daniel Martinez and Irving Lopez.

 14. The unlawful employment practices complained of in paragraph 10 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

 A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment

practices which discriminate on the basis of national origin, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a).

B.	Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of age against individuals 40 years of age and older.

C.	Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for Hispanic employees and for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

D.	Order Defendant to make whole Daniel Martinez and Irving Lopez by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, an offer of reinstatement to their rightful-place positions, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

E.	Order Defendant to make whole Daniel Martinez, whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

F.	Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, to Daniel Martinez whose wages are being unlawfully withheld as a result of the acts complained of above.

G.	Order Defendant to pay Daniel Martinez and Irving Lopez punitive damages for its malicious and reckless conduct described in paragraph 10 above, in amounts to be determined at trial.

5

    H.    Order Defendant to make whole Daniel Martinez and Irving Lopez by providing compensation for pecuniary losses, including job search expenses.

    I.    Order Defendant to make whole Daniel Martinez and Irving Lopez by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and isolation, in amounts to be proven at trial.

    J.    Order Defendant to make whole Daniel Martinez and Irving Lopez by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to their rightful place promotion and/or front pay.

    K.    Grant such further relief as the Court deems necessary and proper in the public interest.

    L.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*[signature]*
JACQUELINE H. McNAIR
Regional Attorney

*[signature]*
TERRENCE R. COOK
Supervisory Trial Attorney