UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 1:08CV2271 |
| Plaintiff, | JUDGE O'MALLEY |
| DANIEL MARTINEZ, | MAGISTRATE JUDGE WHITE |
| Plaintiff-Intervenor, | CONSENT DECREE |
| and | |
| IRVING LOPEZ, | |
| Plaintiff-Intervenor, | |
| v. | |
| SFS INTEC, INC., | |
| Defendant. | |

## INTRODUCTION

A. This action was instituted by the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") on September 25, 2008, against SFS Intec, Inc. ("SFS Intec" or "Defendant") under Title VII of the Civil Rights Act of 1964, Title 1 of the Civil Rights Act of 1991 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). The EEOC alleged that Defendant SFS Intec discriminated against Daniel Martinez, a Hispanic male of Puerto Rican descent, age 60, and Irving Lopez, also a Hispanic employee of Puerto Rican descent. The EEOC alleged Mr. Martinez and Mr. Lopez were unlawfully and repeatedly denied training, subjected to intimidating and offensive behavior from their managers and were

unlawfully terminated because of their national origin and also because of Mr. Martinez's age. On November 26, 2008, SFS Intec timely filed an Answer denying the substantive claims raised by the Commission, and stating affirmatively that Mr. Martinez and Mr. Lopez were both laid off as a result of a company wide reduction in work force.

B. On November 2, 2008, Mr. Lopez and Mr. Martinez (Plaintiff "Intervenors") filed a Motion to Intervene which was granted by the Court on December 2, 2008. Intervenors filed their Complaint in Intervention on December 9, 2008. On January 12, 2009, Defendant SFS Intec timely filed its Answer to the Intervenors' Complaint denying the substantive claims raised by Plaintiff Intervenors.

C. For purposes of this Consent Decree only, SFS Intec admits this Court has subject matter jurisdiction over the claims asserted by Plaintiff EEOC and Plaintiff Intervenors in this Action.

D. In the interest of resolving this matter, and as a result of having engaged in comprehensive negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree. This Decree and compliance with this Decree shall not be construed as an admission by SFS Intec of any liability, or as an admission by SFS Intec of any violation of Title VII, the ADEA, any other law or statute enforced by the EEOC, or any other legal or statutory violation asserted by Plaintiff Intervenors.

E. The Parties do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims raised by Plaintiff EEOC and Plaintiff Intervenors in Civil Action No. 1:08-cv-02271, including back pay, front pay, pecuniary and non-pecuniary compensatory damages, reinstatement, liquidated damages, pre judgment and post-judgment, interest, injunctive relief, attorney's fees and costs arising out of or relating to said

Civil Action. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as a violation by SFS Intec of Title VII, the ADEA, any other law or statute enforced by the EEOC, or any other legal or statutory violation asserted by Plaintiff Intervenors.

## ORDER

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED and DECREED that:

### NON-DISCRIMINATION AND NON-RETALIATION

1. Now, therefore, without trial or adjudication of any issue of fact or law raised by the Plaintiffs in this Action, it is the finding of this Court that: (1) This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345; (2) The provisions of Title VII, the 1991 CRA, and the ADEA will be carried out by the implementation of this Decree; and (3) This Consent Decree shall be final and binding between the Plaintiff EEOC, Plaintiff Intervenors and SFS Intec, its representatives, agents, directors, officers, assigns and successors in their capacities as representatives, agents, directors, officers, assigns and successors of SFS Intec and not in their individual capacities.

2. SFS Intec will comply with the requirements of Title VII and the ADEA, in fostering a workplace free from discrimination based on national origin and age. SFS Intec will also comply with the anti-retaliation provisions of Title VII and the ADEA.

3. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of SFS Intec under Title VII, the ADEA, or the EEOC's

authority to process or litigate any charge of discrimination which may be filed in the future and SFS Intec's defense of any such future claims.

## MONETARY RELIEF

4. Within thirty (30) calendar days of the Court's approval and entry of this Consent Decree, SFS Intec shall pay the gross amount of $245,000.00 to Plaintiff Intervenors Irving Lopez, Daniel Martinez, and their counsel Michael Fine. This amount shall constitute a settlement of all claims for back pay, front pay, compensatory damages, reinstatement, attorney's fees and any monetary or other relief that was or could have been claimed in this matter.

5. The above payment shall be made by delivery to the Intervenors' attorney, Michael Fine, as Trustee for the Intervenors. SFS Intec shall, at the time payments are made, deliver confirming documentation of such payments to Solvita A. McMillan, Trial Attorney, Equal Employment Opportunity Commission, Cleveland Field Office, The AJC Federal Office Building, 1240 East 9th Street, Room 3001, Cleveland, OH 44199.

## POSTING OF NOTICE

6. Within ten (10) business days after entry of this Decree, or as soon as practicable thereafter, but no later than thirty (30) business days thereafter, SFS Intec agrees to post on the bulletin board used to display mandatory federal and state postings at its Medina, Ohio plant, an exact copy of the Notice attached as Exhibit 1 to this Decree. The notice shall remain posted for eighteen (18) months from the date of entry of this Decree. Counsel for SFS Intec shall provide a copy of the executed Notice, and confirm in writing the date of its posting, to the EEOC's Cleveland, Ohio Field Office, Attention Solvita A. McMillan, EEOC Trial Attorney, within ten (10) days of the posting. SFS Intec shall permit a representative of the EEOC to enter Defendant's Medina, Ohio plant for purposes of verifying compliance with this Paragraph at any time during normal business hours for the eighteen (18) month term. SFS Intec shall take all

reasonable steps to ensure that the posting is properly displayed and not altered, defaced or covered by any other material. Should the posted notice become defaced, removed, marred, or otherwise illegible, SFS Intec agrees to, as soon as practicable, replace such notice with a legible copy in the manner described herein.

### NON-DISCRIMINATION POLICIES AND COMPLAINT PROCEDURES

7. SFS Intec agrees to continue to maintain and enforce written policies prohibiting discrimination made unlawful under Title VII and the ADEA as follows:

   (a) The policies should be drafted in plain and simple language, stating a strong commitment to a workplace free of national origin discrimination, age discrimination, and any other practices made unlawful under the foregoing statutes;

   (b) The policies should make clear that a failure to follow SFS Intec's policy against unlawful discrimination will not be tolerated;

   (c) The policy will include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of the company's policy or policies against unlawful discrimination and identify specific individual(s) and telephone number(s) to whom employees may report complaints about unlawful discrimination. The policy should also provide assurances that complainants shall not be subjected to retaliation and provide an assurance of non-retaliation for persons who report their belief that they have been subjected to, or witnessed, unlawful discrimination;

   (d) The policy should provide employees assurance that SFS Intec will investigate all allegations of unlawful discrimination; and

   (e) Provide for consequences up to and including discharge of an employee or supervisor or manager who violates the policy.

8. The Policy shall be distributed to all SFS Intec employees and newly-hired employees at its Medina, Ohio plant within 90 days after entry of this Consent Decree.

9. Within 90 days after entry of this Consent Decree, SFS Intec agrees to advise Solvita A. McMillan, EEOC Trial Attorney, in writing, that its policy or policies against unlawful discrimination have been distributed to current employees either in written or electronic

form and that new employees will receive these policies and an opportunity to acknowledge receipt. SFS Intec will retain copies of any acknowledgment of receipt form for an employee in the employee's personnel file.

## ACCOUNTABILITY

10. SFS Intec shall continue to promote manager and supervisor accountability by the following conduct:

    (a) Providing mandatory anti-discrimination training to all of its supervisory and managerial personnel *as* set forth in Paragraph 11;

    (b) Disciplining, up to and including discharge, any supervisor or manager who violates SFC Intec's policy or policies against unlawful discrimination;

    (c) Imposing on all managers and supervisory personnel a duty to administer their work areas to ensure compliance with SFS Intec's policy or policies against unlawful discrimination; and

    (d) Requiring all managers and supervisors to report any incidents and/or complaints of unlawful discrimination of which they become aware to the appropriate responsible officials.

## TRAINING

11. SFS Intec agrees to provide live training regarding employee rights under Title VII and the ADEA, and the employer's obligations under each statute, with an emphasis on what constitutes unlawful discrimination on the basis of national origin, on the basis of age, and how to keep SFS Intec free of such forms of discrimination, on the following terms:

    (a) SFS Intec agrees to provide consultation and training sessions to all of its managers and supervisors who work at the Medina, Ohio plant by conducting a live training seminar;

    (b) During the training session, a high ranking official, will make a live statement regarding the severe consequences of unlawful discrimination and emphasize SFS Intec's commitment to the prevention of such discrimination; and

(c) The training session shall take place within six months of entry of this Consent Decree.

12. SFS Intec agrees to provide the EEOC with copies of any and all pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.

13. SFS Intec agrees to certify to the EEOC in writing within twenty (20) business days after the training session has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current managers as of the date of the training.

14. For a period of eighteen (18) months following entry of this Decree, SFS Intec shall maintain and make available for inspection and copying by the Commission, records of each complaint of any incident of national origin or age discrimination occurring at its Medina, Ohio plant. Each such report shall indicate the date the complaint was made, who made it, what was alleged, and what actions SFS Intec took to resolve the matter. SFS Intec shall also make records of all actions it takes to prevent unlawful discrimination at its Medina, Ohio plant during the duration of this Decree.

## RECORD KEEPING

15. SFS Intec shall make all documents or records referred to in Paragraph 14, above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, SFS Intec shall make available for interview all persons within its employ whom the EEOC reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of the Commission to enter SFS Intec's Medina, Ohio plant for such purposes with reasonable advance notice by the EEOC to counsel of record for SFS Intec.

16. Nothing contained in this Decree shall be construed to limit any obligation and/or right SFS Intec may otherwise have under Title VII, the ADEA, or any other law or regulation.

### DISPUTE RESOLUTION

17. In the event that the EEOC believes that SFS Intec has failed to comply with any provision(s) of the Decree, the EEOC shall notify counsel of record for SFS Intec of the alleged non-compliance and shall afford SFS Intec twenty (20) business days to remedy the non-compliance or to satisfy the EEOC that it has complied with the terms of this Decree. If the alleged non-compliance has not been remedied within twenty (20) business days, the EEOC may apply to the Court for appropriate relief.

### MISCELLANEOUS PROVISIONS

18. Each party to this Decree shall bear its own costs, attorney's fees, and expenses.

19. For the duration of this Decree, the terms are and shall be binding upon the parties as defined in Paragraph One (1).

20. This Consent Decree shall fully and finally resolve all claims which were or could have been raised by the EEOC, and by Plaintiff Intervenors, in Civil Action No. 1:08-cv-2271.

21. Subject to paragraph 23, below, this matter is hereby dismissed with prejudice.

22. This Consent Decree shall be filed in the United States District Court for the Northern District of Ohio and shall continue to be in effect for a period of eighteen (18) months. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days notice to the other party.

23. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree for the duration of the Decree.

24.    This Decree shall expire by its own terms at the end of eighteen (18) months from the date of entry, without further action by the Parties.

*Kathleen M. O'Malley*
_____
UNITED STATES DISTRICT COURT JUDGE
KATHLEEN McDONALD O'MALLEY

### EXHIBIT 1
### NOTICE TO ALL SFS INTEC, INC. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court, for the Northern District of Ohio in EEOC v. SFS Intec, Inc., Civil Action Number 1:08-CV-2271, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against SFS Intec, Inc. ("SFS Intec").

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of their rights under Title VII by engaging in protected activities, such as opposing employment practices believed to be discriminatory, filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is a federal agency which investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in Federal Court to enforce Title VII.

The Age Discrimination in Employment Act of 1967 ("ADEA") protects individuals who are 40 years of age or older from employment discrimination based on age. The ADEA's protections apply to both employees and job applicants. Under the ADEA, it is unlawful to discriminate against a person because of his/her age with respect to any term, condition, or privilege of employment, including hiring, firing, promotion, layoff, compensation, benefits, job assignments, and training. It is also unlawful to retaliate against an individual for opposing employment practices that discriminate based on age or for filing an age discrimination charge, testifying, or participating in any way in an investigation, proceeding, or litigation under the ADEA.

In its lawsuit, the U.S. Equal Employment Opportunity Commission (EEOC) alleged that SFS Intec engaged in conduct made unlawful under Title VII and the ADEA. SFS Intec denied these allegations in their entirety.

To resolve the case, SFS Intec and the EEOC have entered into a Consent Decree which provides, among other things, that: (1) SFS Intec will not discriminate on the basis of national origin or on the basis of age and it will not retaliate against any person because she or he opposed any practice made unlawful by Title VII or the ADEA, filed a charge of discrimination, participated in any proceeding under the foregoing statutes, or asserted any rights under the Consent Decree; and (2) SFS Intec will provide a training session to all managers supervisors employed at SFS Intec's Medina, Ohio plant regarding the requirements of Title VII and the ADEA, and its policies regarding compliance with these statutes. Should you believe you have been subjected to unlawful discrimination, you may contact the EEOC at (216) 522-2001. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for eighteen (18) months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Legal Unit, EEOC Cleveland Field Office, AJCFederal Office Building, 1240 East 9th Street, Suite 3001, Cleveland, Ohio 44199.

By: _____     By: _____
For:          EEOC              For:       SFS Intec, Inc.